UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-354-H

ANTHONY GADLAGE                                                                                           PLAINTIFF

v.

WINTERS & YONKER, ATTORNEYS                                                              DEFENDANT
AT LAW, P.S.C.

**MEMORANDUM OPINION AND ORDER**

Anthony Gadlage ("Gadlage" or "Plaintiff") brought this action for wrongful termination and retaliation in Jefferson Circuit Court against his former employer, Winters & Yonker, Attorneys at Law, P.S.C. ("Winters Yonker" or "Defendant"). Defendant removed to federal court based on diversity of citizenship between the parties, 28 U.S.C. §§ 1332 and 1441. Now they have moved to dismiss.

I.

For the purposes of considering a defendant's 12(b)(6) motion, the Court accepts all factual allegations from the complaint as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The Court will summarize the relevant facts as detailed in Gadlage's complaint filed in state court.

Gadlage began working for Winters Yonker, a law firm primarily representing clients suffering personal injuries, as an associate attorney in its Louisville office on September 1, 2010. Part of his duties as an associate attorney involved interviewing new clients in their homes and obtaining signed contracts of representation and other forms. Winters Yonker instructed its associate attorneys to steer clients toward Kentucky Spine and Rehab for medical treatment.

Gadlage routinely advised his clients to seek treatment at clinics other than Kentucky Spine and Rehab because he found it was more difficult to successfully resolve injury claims for individuals treated at that clinic.

Kentucky Spine and Rehab, which is owned by Dr. Kompothecras, does business as "1(800) ASK-GARY," a medical and lawyer referral service. This business refers hundreds of injured Kentuckians to Winters Yonker and in return expects an equal number of referrals from Winters Yonker to its own medical clinics. In April 2011, Defendant's agents told Plaintiff and others at a meeting that Dr. Kompothecras was displeased with the number of Winters Yonker's referrals and that he would stop referring patients to Winters Yonker if the law firm did not increase its referrals to his clinics. That same week, Gadlage viewed a spreadsheet report tracking where each attorney had referred clients for medical treatment. The report showed Gadlage had signed up the majority of clients who were not referred to a Dr. Kompothecras clinic.

After this meeting, Gadlage continued to refer clients to other medical clinics, believing it to be in their best interests. He believed a quid-pro-quo referral arrangement existed between Defendant and Dr. Kompothecras, creating a third party conflict of interest under Kentucky Supreme Court Rules. Soon after, on April 19, 2011, Defendant terminated Gadlage's employment because he refused to participate in the referral scheme. Defendant also contested Gadlage's claim for unemployment benefits and committed other unnamed retaliatory acts.

II.

Where a defendant has filed a 12(b)(6) motion to dismiss, a plaintiff must show its pleadings have provided "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility arises when the complaint's factual content allows a reasonable inference of defendant's liability. *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The parties do not dispute that Kentucky law governs this action.

As Gadlage concedes, he was an "at-will" employee, allowing Defendant to terminate his employment with or without cause. Kentucky courts recognize a narrow exception to a general rule of at-will employment – the termination may not be in violation of a public policy. *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 732 (Ky. 1983). The Kentucky Supreme Court has clarified that the "public policy" supporting a wrongful discharge claim "must be evidenced by a constitutional or statutory provision." *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) (*citing Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834 (Wis. 1983)).

Gadlage claims his firing violated the public policy against conflicts of interest in lawyer-client relationships expressed in Kentucky Supreme Court Rules, which are not themselves "constitutional or statutory provision[s]." *Id.* Plaintiff notes Section 116 of the Kentucky Constitution vests with the Supreme Court the power to establish the Supreme Court Rules. However, the source of the Kentucky Supreme Court's authority to establish rules does not transform those rules into the equivalent of a constitutional or statutory provision. Although it would be reasonable to find public policy in a wider scope of legal material – and other jurisdictions do exactly that – Kentucky has fairly drawn the line at constitutional and statutory provisions. *Compare Cloutier v. Great Atl. & Pac. Tea Co.*, 436 A.2d 1140, 1144 (N.H. 1981) (holding wrongful discharge may be based on non-statutory expression of public policy) *with Gryzb*, 700 S.W.2d at 401. In Kentucky, a public policy from a court rule is insufficient to

3

support a wrongful discharge claim.[1]

Gadlage's claim for "post-termination retaliation" likewise lacks factual support in the pleadings and must be dismissed. The Kentucky Supreme Court has recognized a claim for post-termination conduct under the tort theory of intentional infliction of mental distress. *Kroger Co. v. Wilgruber*, 920 S.W.2d 61, 65 (Ky. 1996) (*citing Craft v. Rice, Ky.*, 671 S.W.2d 247 (Ky. 1984)). Although a cognizable claim, Defendant's alleged conduct falls well short of being "outrageous and intolerable in that it offends against the generally accepted standards of decency and morality." *Id.* In *Craft*, the plaintiff was kept under surveillance, told her husband would be put in jail, and forced into an opposing lane of traffic while driving. *Id.* at 66. The *Kroger* plaintiff endured "a plan of attempted fraud, deceit, slander, and interference with contractual rights, all carefully orchestrated in an attempt to bring [him] to his knees." Winters Yonker's alleged firing of Gadlage for refusing to participate in a quid-pro-quo referral scheme and subsequent contesting of unemployment benefits does not arise to the level of outrage.

This is not a pretty business that Mr. Gadlage has seen and fought against in his own way. Unfortunately, Kentucky does not afford him a legal remedy in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is SUSTAINED and the Complaint is DISMISSED WITH PREJUDICE.

This is a final order.

---

[1] Plaintiff raised for the first time in his response brief the prospect that Ky. Rev. Stat. 21A.300 provides a statutory public policy which his termination violated. That statute prohibits attorneys from soliciting clients within thirty days of an injury and the knowing acceptance of a referral from an attorney referral service violating this thirty-day rule. Nothing in the Complaint suggests Defendant was violating this statute or that Plaintiff was terminated for conforming to this statute.

cc: Counsel of Record