UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-354-H

ANTHONY GADLAGE											PLAINTIFF

v.

WINTERS & YONKER, ATTORNEYS								DEFENDANT
AT LAW, P.S.C.


**MEMORANDUM OPINION AND ORDER**

This Court entered a final order on December 29, 2011, sustaining Defendant's motion to dismiss for failure to state a claim. Plaintiff, Anthony Gadlage, has filed a motion to amend that order and hold it in abeyance while certifying a question of law to the Kentucky Supreme Court. The question at issue is whether a violation of Kentucky Supreme Court Rules governing a lawyer's ethical conduct can form the basis of a wrongful discharge claim as a public policy exception to the employment-at-will doctrine. The Court, following Kentucky law as explained in *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), held that such a violation could not qualify for the public policy exception. Although Plaintiff may wish Kentucky law would recognize a wider scope of legal material capable of evidencing a public policy in a wrongful discharge claim, the Court remains convinced it correctly applied the law as expressed by Kentucky's highest court.

I.

Plaintiff's motion restates the argument made in his brief opposing Defendant's motion to dismiss. In fact, the motion is largely a quotation from that brief. Plaintiff recognizes that *Grzyb* reaffirmed the rule first adopted in *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1984), that the public policy supporting a wrongful discharge claim "must be

evidenced by a constitutional or statutory provision." *Grzyb*, 700 S.W.2d at 401. Gadlage interprets this language as leaving an open question as to whether Kentucky Supreme Court Rules can likewise evidence such a public policy.

This interpretation ignores both the language and overall purpose of the *Grzyb* opinion. In placing definitive limits on the public policy exception to the employment-at-will doctrine, the Court uses the mandatory command, "must" not the permissive, "may." *Id.* Plaintiff's argument would be much stronger if the *Grzyb* court had said that public policy *may* be evidenced by a constitutional or statutory provision, as that would leave open the possibility of other types of "existing law" expressing a public policy that can support a wrongful discharge claim. But that is not what the *Grzyb* court did. The court was reaffirming the limits of the narrow exception to the employment-at-will doctrine that it set out in *Firestone* because the Kentucky Court of Appeals had impermissibly extended those limits. *Id.* at 400.

To overcome *Grzyb*'s limited exceptions to the at-will doctrine, Gadlage attempts to tie the Kentucky Supreme Court Rules to both constitutional and statutory provisions. First, he notes that Section 116 of the Kentucky Constitution commands the Supreme Court to "govern the admission to the bar and the discipline of members of the bar." Second, he notes Kentucky statutes giving the Supreme Court authority to enforce its mandates by fine or imprisonment and "to adopt rules and regulations to govern conduct and activity of the state bar and its members." Ky. Rev. Stat. Ann. §§ 21A.040 and 21A.060 (Lexis 2010). Gadlage argues that since constitutional and statutory provisions provide the authority for the Kentucky Supreme Court Rules, a violation of those Rules is "contrary to a fundamental and well-defined public policy . . . evidenced by a constitutional or statutory provision." *Grzyb*, 700 S.W.2d at 401.

The Court specifically rejected these arguments in its previous Memorandum Opinion.

Kentucky Supreme Court rules are neither statutes nor constitutional provisions. The *Grzyb* court did not express greater or different at-will doctrine exceptions that apply only to the legal profession.

II.

Plaintiff has submitted for the Court's consideration an opinion from the Jefferson Circuit Court, *Rigor v. Isaacs & Isaacs, PSC*, No. 05-CI-7688, (9th Div. Oct. 18, 2010), that he did not cite in the original briefings. In *Rigor*, Judge McDonald-Burkman held that the Kentucky Supreme Court Rules embody public policy and a lawyer alleging he was terminated for refusing to violate an obligatory Rule states a claim for wrongful discharge. This decision does not bind the Court, as "[a] federal court sitting in diversity must apply the law of the highest state court if that court has ruled on the matter in dispute." *Poplar Creek Dev. Co. v. Chesapeake*, 636 F.3d 235, 240 (6th Cir. 2011). Thus, the Court's task is to apply the law as explained in *Firestone* and *Grzyb*. Because the Court finds its application of *Firestone* and *Grzyb* to be persuasive, *Rigor*'s weight is limited.

It seems to this Court that the *Rigor* decision answers the wrong question in forming its conclusion. The *Grzyb* court adopted a caveat to its *Firestone* decision that specified the degree to which a discharge must implicate a public policy to warrant a wrongful discharge claim. 700 S.W.2d at 402 ("only two situations exist where grounds for discharging an employee are so contrary to public policy as to be actionable") (internal quotations omitted). The reason for discharge must have been either "the refusal to violate a law" or the "exercise of a right conferred by well-established legislative enactment." *Id.* This caveat did not change the fundamental rule that the source of the public policy must be a constitutional or statutory

3

provision. *See Shrout v. The TFE Group*, 161 S.W.3d 351, 354 (Ky. Ct. App. 2005). Rather, it further narrowed the scope of actionable discharges to those sufficiently contrary to fundamental public policy – e.g. when an employee is discharged for refusing to violate the constitutional or statutory provision.

The *Rigor* opinion quotes this caveat from *Grzyb* as if it were the entire rule. No. 05-CI-7688 at *5. The analysis starts and ends with determining whether the employer allegedly discharged the plaintiff for violation of a law, as opposed to violation of something less than a law. It notes the constitutional and statutory sources of authority for the Supreme Court's promulgating ethical rules and that the particular Rules at issue "are obligatory, not merely hortatory." *Id.* at *7-8. The opinion distinguishes the Kentucky Supreme Court Rules from the code of ethics of a private organization at issue in *Suchodolski v. Mich. Consol. Gas Co.*, 316 N.W.2d 710 (Mich. 1982), a case on which the *Grzyb* court relied. Because the Rules are authoritative, obligatory, and embody public policy, Judge McDonald-Burkman concludes they support a wrongful discharge claim. *Id.*

The *Rigor* opinion is internally persuasive and reasonable. However, it never addresses the *Firestone* parameters to a wrongful discharge claim that *Grzyb* reaffirmed. It does not explain how the Rules qualify as constitutional or statutory provisions. A proper wrongful discharge claim alleges termination for refusing to violate the constitution or a statute, not merely the "law" generally. *See Nelson Steel Corp. v. McDaniel*, 898 S.W.2d 66, 69 (Ky. 1995).

The sources and expressions of law and public policy in Kentucky are many. The Kentucky Supreme Court has made clear that only two sources – constitutional and statutory provisions – can express a public policy grounding a wrongful discharge claim. Courts have

rejected attempts to expand the limits set in *Firestone* and *Grzyb* and this Court follows suit. *See, e.g.*, *Shrout*, 161 S.W.3d at 355 (rejecting claim hinged on violation of federal regulation); *and Barlow v. The Martin-Brower Co.*, 202 F.3d 267 (6th Cir. 2000) (holding public policy found in a state regulation cannot support a wrongful discharge claim because policy was not defined by constitutional or statutory provision).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend the Court's order granting the motion to dismiss and hold its ruling in abeyance to certify a question of law to the Kentucky Supreme Court is DENIED. The Court's order of December 29, 2011 stands as entered.

cc: Counsel of Record